IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | | |
|---|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. _____ |
| APEX CONTRACTING SERVICES, LLC; ZACHARY M. BELL; and KELLY L. SHIRK, | ) ) ) ) | |
| Defendants. | ) ) | |

## VERIFIED COMPLAINT

COMES NOW the Plaintiff, ATLANTIC SPECIALTY INSURANCE COMPANY ("ASIC"), and hereby submits this Verified Complaint against the Defendants APEX CONTRACTING SERVICES, LLC ("Apex"), Zachary M. Bell and Kelly L. Shirk.

## PARTIES, JURISDICTION & VENUE

1.    Plaintiff ASIC is a corporation organized and existing under the laws of the State of New York, with its principal place of business in Minnesota.

2.    Apex is an Alabama limited liability company organized under the laws of the State of Alabama in the business of construction and remodeling. It maintains its principal place of business in Baldwin County, Alabama at 880 Holcomb Boulevard, Suite 2A, Fairhope, Alabama.

3624701.1

3.    Defendant Zachary M. Bell is a citizen of the State of Alabama and resides at 258 Equity Street, Fairhope, Alabama. Bell is the Managing Member of Apex and owns and operates Apex.

4.    Defendant Kelly L. Shirk is a citizen of the State of Alabama and resides at 258 Equity Street, Fairhope, Alabama.

5.    The amount in controversy exceeds $75,000, exclusive of interest, cost and legal expense.  Jurisdiction exists pursuant to 28 U.S.C. § 1332 in light of the complete diversity of citizenship between the Plaintiff and Defendants and the amount in controversy.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) as Defendants are residents of this judicial district.

## FACTS

6.    ASIC issued Performance and Payment Bonds on Apex's behalf for the provision and erection of seven metal buildings and foundations for the Foley Public Works Complex in Foley, Alabama, Job # 02-24-008. (the "Project")

7.    Performance and Payment Bonds Nos. 800176400 dated August 26, 2024, with a penal sum of $2,982,225.00, were issued by ASIC to the Obligee Crucible Construction, LLC ("Crucible") on behalf of Apex pursuant to a subcontract dated May 23, 2024 between Crucible and Apex for work performed at the Foley Public Works Complex. (the "Bonds"), a true and correct copy of which are attached hereto as **Exhibit "A"**.

8.      Prior to the issuance of the Bonds and inconsideration for ASIC's issuance of the Bonds, on August 23, 2024 Apex, Bell, and Shirk promised to indemnify and hold ASIC harmless from any and all loss, cost or expense resulting from the issuance of the Bonds.  Apex, along with Bell and Shirk, are "Indemnitors" under the General Agreement of Indemnity dated August 23, 2024 (the "GAI"), a true and correct copy of which is attached hereto as **Exhibit "B"**.

9.      On February 18, 2026 Apex was terminated by the Crucible for default under the subcontract. A true and correct copy of the Notice of Termination is attached hereto as **Exhibit "C"**.  Crucible's estimated cost to complete the remaining work on the Project is $350,000.00.

10.     To date, ASIC has received and/or paid the following claims on the Project:

   a)  Crucible Construction; Performance Bond - $ 350,000.00;
   b)  Bay Insulation of Pensacola; Payment Bond - $ 10,627.76;
   c)  Fairhope Ironworks; Payment Bond - $79,891.70;
   d)   Fortify Building Solutions; Payment Bond - $ 146,912.11;
   e)   MBCI; Payment Bond - $402,171.01;
   f)  NCI Group dba Reed's Metals - $146,912.11;
   g)  Precision Door; Payment Bond - $ 171,916.14;
   h)  West Ready Mix; Payment Bond - $ 136,960.00; and
   i)  White Cap; Payment Bond - $70,069.30.

11.     The total of the payment bond claims received and/or paid by ASIC on behalf of Apex at this time is $1,165,460.13 plus attorneys' fees and consultant fees of $30,000 in order to investigate the above claims and preserve the surety's rights.

12.     ASIC anticipates it may receive additional bond claims from various owners, subcontractors, and/or suppliers and will incur additional continuing attorneys' fees, investigative costs and other costs and expenses, which are recoverable under the GAI.

13.     The paragraph entitled "INDEMNITY TO SURETY" on page 2 of the GAI requires Defendants to indemnify ASIC.  Specifically, that provision provides:

**INDEMNITY TO SURETY**: Indemnitors agree to pay to Surety upon demand:

1. All loss, costs and expenses of whatsoever kind and nature, including court costs, attorney fees (whether Surety at its sole option elects to employ its own attorney, or permits or requires Indemnitors to make arrangements for Surety's legal representation), in-house fees, consultant fees, investigative costs and any other losses, costs or expense incurred by Surety by reason of:

a. Surety having executed, provided or procured any Bond;
b. any Default under this Agreement by any of the Indemnitors;
c. Surety enforcing any of the covenants or conditions of this Agreement;
d. Surety conducting any investigation, obtaining or attempting to obtain a release, or recovering or attempting to recover loss or unpaid premium in connection with any Bonds; and/or
e. Surety prosecuting or defending any action or claim in connection with any Bonds executed provided or procured on behalf of Principal or Indemnitors, whether Surety at its sole option elects to employ its own counsel, or permits or requires Indemnitors to make arrangements for Surety's legal representation. In addition the Indemnitors agree to pay Surety interest on all disbursements made by Surety in connection with such loss, costs and expenses incurred by Surety at the maximum rate permitted by law calculated from the date of each disbursement;

4

2. Any amount sufficient to discharge any claim made against Surety on any Bond, whether Surety will have made any payment or established any reserve therefor. Such payment shall be equal to the larger of (a) the amount of any reserve set by the Surety or (b) such amount as to the Surety, in its sole judgment, shall deem is sufficient to protect it from loss. This sum may be used by Surety to pay such claim or be held by Surety as collateral security against loss on any Bond. Surety shall have no obligation to invest or provide a return on the funds deposited. The Indemnitors acknowledge that their failure to pay, immediately on demand, that sum demanded by Surety will cause irreparable harm for which Surety has no adequate remedy at law. The Indemnitors confirm and acknowledge that Surety is entitled to injunctive relief for specific enforcement of the foregoing provision.

3. Any original, additional or renewal premium due for any Bond.

14.    Paragraph 4 of the "GENERAL PROVISIONS" on page 4 of the GAI

provides as follows in pertinent part:

4. Until Surety shall have been furnished with the competent evidence of its discharge, without loss from any Bonds, Surety shall have the right to free access at reasonable times to the books, records and accounts of each of the Indemnitors for the purpose of examining, copying or reproducing them. Each one of the Indemnitors hereby authorizes any depositories in which funds of any of the Indemnitors may be deposited to furnish to Surety the amount of such deposits as of any date requested, and any legal entity doing business with the Indemnitors is authorized to furnish any information requested by Surety concerning any transaction. …

15.    Paragraph 5 of the "GENERAL PROVISIONS" on page 5 of the GAI

provides as follows in pertinent part that if a discharge of the Surety from liability

under the Bond is unattainable:

5. …the Indemnitors will, if requested by Surety, either deposit collateral with Surety, acceptable to Surety, sufficient to cover all exposure under such bond… or make provisions acceptable to Surety for the funding of the bonded obligations.

5

16.     Pursuant to the aforementioned provisions of the GAI, on February 19, 2026, ASIC demanded that Defendants provide adequate security or deposit collateral to ASIC in the total amount of $1,400,000.00 to mitigate or fully reimburse ASIC for all losses, costs and expense realized or anticipated in connection with ASIC's issuance of the performance and payment bonds to Apex by March 6, 2026, which demand was ignored.  A true and correct copy of ASIC's collateral demand letter to Apex is attached hereto as **Exhibit "D".**

17.     Pursuant to the aforementioned provisions of the GAI, on March 12, 2026, ASIC requested that Defendants provide certain information and financial records concerning the Project and requested a meeting with Apex to examine its books and records.  ASIC's request was ignored.  A true and correct copy of ASIC's books and records request letter to Apex is attached hereto as **Exhibit "E"**.

18.     Defendants have breached the GAI by defaulting pursuant to its terms and provisions, including but not limited to failing and refusing to deposit the demanded collateral and to provide access to its books and records. As a result, Defendants have caused ASIC to incur or have exposed ASIC to aggregate claims, losses, expenses, or damages, to date, in the amount of no less than $1,400,000.00 plus attorneys' fees to date of $30,000.00, plus continuing attorneys' fees, investigative and expert costs.

19.     Despite demand, the balance due to ASIC by Apex has not been paid.

6

20.    ASIC seeks entry of judgment in the amount of One Million Four Hundred Thousand and No/100 Dollars ($1,400,000.00) plus attorneys' fees to date of $30,000.00, plus continuing attorneys' fees, investigative and expert costs.

### Count I
### Exoneration and Specific Performance

21.    ASIC hereby adopts and incorporates its previous averments as if set forth fully herein.

22.    By virtue of the obligations of the Defendants as set forth in the GAI and the equitable doctrine of *quia timet*, ASIC is entitled to equitable relief to provide for its exoneration and for the preservation of all assets currently in the possession of Apex and is further entitled to specific performance of the terms of the GAI.

WHEREFORE, ASIC requests this Court to assume jurisdiction over this cause and, pursuant to the Court's equitable and legal powers, to provide for the exoneration of ASIC, as surety, in the following manner:

(a)    That the Defendants be required to immediately deposit with ASIC money or property having the value of not less than ONE MILLION FOUR HUNDRED THOUSAND and NO/100 Dollars ($1,400,000.00) pending final disposition of all claims against the Performance and Payment Bonds;

(b)    That the Defendants be required to render a complete, full, and sworn accounting to the Court and to ASIC, as surety, as to any and all assets owned or controlled by it, or in which it has any interest, or in which it has had any interest at any time during the past three (3) years, and further provide ASIC with access to all books and records which in any manner relate, refer or pertain to the financial affairs of the Defendants;

(c)     That pending deposit of collateral as requested herein, a judicial lien be established in favor of ASIC as to any and all assets of the Defendants, including any and all bank accounts and whether such assets or funds are real, personal, or mixed, said lien to be subject to any valid and existing security interest or liens in said assets or property which may pre-date the Order of this Court;

(d)     That the Defendants immediately indemnify ASIC with respect to any and all costs, expenses, attorneys' fees and all other losses which ASIC has sustained to date, or which ASIC may sustain in the future by virtue of the issuance of said bonds;

(e)     That the Defendants be required to specifically perform all other obligations as specified in the GAI so as to accomplish the exoneration and indemnification of ASIC;

(f)     That the Court provide such further, additional and different relief so as to provide for the exoneration of ASIC, as surety.

## Count II
## Indemnity

23.    ASIC hereby adopts and incorporates its previous averments as if set forth fully herein.

24.    By virtue of the execution of the aforesaid GAI and the common law principles of indemnity, the Defendants are liable, jointly and severally, for all loss, cost, or expense incurred by ASIC as a resulting of issuing bonds on behalf of Apex together with all interest and attorneys' fees incurred by ASIC in defense of any claims asserted and the prosecution of this action.

WHEREFORE, ASIC demands judgment against the Defendants, jointly and severally, for all losses, liabilities, costs, and expenses incurred or to be incurred in connection with the Bonds in the amount of One Million Four Hundred

8

Thousand and No/100 Dollars ($1,400,000.00), together with all interest permitted by law, all costs of this action, attorneys' fees and all other relief to which ASIC, as surety, is entitled.

### Count III
### Breach of Contract – Contractual Indemnity

25.    ASIC hereby adopts and incorporates its previous averments as if set forth fully herein.

26.    The GAI is a valid and enforceable contract between ASIC and the Defendants.

27.    Pursuant to the terms of the GAI, Defendants agreed, among other things, jointly, severally, and individually, to indemnify, hold harmless, and reimburse ASIC from all losses, costs, and expenses, including, but not limited to, attorneys' and consultants' fees, arising from or related to ASIC's issuance of the Bonds, whether or not ASIC has made payment on any claim.

28.    Crucible's termination of Apex for default under the subcontract constitutes default under the GAI, thereby triggering Defendants' contractual indemnity obligations. As a result of Defendants' default, Defendants have caused ASIC to incur or have exposed ASIC to aggregate claims, losses, expenses, or damages, to date, in the amount of no less than $1,400,000.00, plus attorneys' fees

to date of $30,000.00, plus continuing attorneys' fees, investigative and expert costs which are recoverable under the GAI.

29.     ASIC has made a demand to Defendants for indemnification. Defendants have failed and refused to indemnify ASIC and remain in default under the GAI.

WHEREFORE, ASIC demands judgment against the Defendants, jointly and severally, for all losses, liabilities, costs, and expenses incurred or to be incurred in connection with the Bonds in the amount of One Million Four Hundred Thousand and No/100 Dollars ($1,400,000.00), together with all interest permitted by law, all costs of this action, attorneys' fees and all other relief to which ASIC, as surety, is entitled.

## Count IV
## Preliminary Injunction and Specific Performance

30.     ASIC hereby adopts and incorporates its previous averments as if set forth fully herein.

31.     By virtue of the obligations of the Defendants as set forth in the GAI, ASIC is entitled to injunctive relief for specific performance of the terms of the GAI and collateral deposit to secure and enforce ASIC's negotiated right to collateralization of its indemnification along with the preservation and accounting of all assets currently in the possession of Apex.

10

32.    In accordance with FED. R. CIV. P.  65 and as acknowledged by Defendants in the GAI as set forth above, Defendants' failure to pay, immediately on demand, that sum demanded by ASIC will cause irreparable harm for which ASIC has no adequate remedy at law.  The Defendants confirm and acknowledge in the GAI that ASIC is entitled to injunctive relief for specific enforcement of the provisions of the GAI and ASIC therefore has a substantial likelihood of success on the merits of its request for injunctive relief.

33.    Apex would not suffer prejudice or harm for being required to comply with the GAI, and any harm to Apex would be outweighed by the threatened harm to ASIC if the GAI was not enforced.  The requested injunctive relief would also serve the public interest of enforcing contracts and promoting the solvency of surety companies that support public construction projects.

WHEREFORE, ASIC requests this Court to assume jurisdiction over this cause and, pursuant to the Court's equitable and legal powers and FED. R. CIV. P. 65, to provide the requested relief to ASIC, as surety, in the following manner:

(a)    That the Defendants be required to immediately deposit with ASIC money or property having the value of not less than ONE MILLION FOUR HUNDRED THOUSAND and NO/100 Dollars ($1,400,000.00) pending final disposition of all claims against the Performance and Payment Bonds;

(b)    That the Defendants be required to render a complete, full, and sworn accounting to the Court and to ASIC, as surety, as to any and all assets owned or controlled by it, or in which it has any interest, or in which it has had any interest at any time during the past three (3) years, and further provide ASIC

11

with access to all books and records which in any manner relate, refer or pertain to the financial affairs of the Defendants;

(c)      That pending deposit of collateral as requested herein, a judicial lien be established in favor of ASIC as to any and all assets of the Defendants, including any and all bank accounts and whether such assets or funds are real, personal, or mixed, said lien to be subject to any valid and existing security interest or liens in said assets or property which may pre-date the Order of this Court;

(d)      That the Defendants immediately indemnify ASIC with respect to any and all costs, expenses, attorneys' fees and all other losses which ASIC has sustained to date, or which ASIC may sustain in the future by virtue of the issuance of said bonds;

(e)      That the Defendants be required to specifically perform all other obligations as specified in the GAI so as to accomplish the exoneration and indemnification of ASIC;

(f)      That the Court provide such further, additional and different relief so as to provide for the exoneration of ASIC, as surety.

12

# VERIFICATION

STATE OF MICHIGAN               }

COUNTY OF LIVINGSTON            }

Before me, the undersigned Notary Public, in and for said County and in said State, personally appeared Brandon W. Gardner, who being first duly sworn, deposes and says that he is employed as Claims Consultant - Surety for Atlantic Specialty Insurance Company and that he has personally reviewed the Verified Complaint and that the facts stated therein are true and correct.

s/ _____

Brandon W. Gardner
Claims Consultant - Surety
Atlantic Specialty Insurance Company



ASHLEE N RUDNICK
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF LIVINGSTON
My Commission Expires April 12, 2027
Acting in the County of _____

12

Respectfully submitted,

*s/ Weathers Bolt*
L. Graves Stiff, III (ASB-0693-S70L)
Weathers Bolt (ASB-9445-T95A)
Elise May Frohsin (ASB-8084-I44E)
**STARNES DAVIS FLORIE LLP**
100 Brookwood Place, Seventh Floor
Birmingham, AL 35209
E-Mail:  gstiff@starneslaw.com
wbolt@starneslaw.com
efrohsin@starneslaw.com
Telephone: (205) 868-6000
*Attorney for Atlantic Specialty Insurance*
*Company*

**DEFENDANTS MAY BE SERVED BY PRIVATE PROCESS SERVER AS FOLLOWS**:

APEX CONTRACTING SERVICES LLC
c/o Zachary Bell
258 Equity Street
Fairhope, Alabama 36532

Zachary Bell
258 Equity Street
Fairhope, Alabama 36532

Kelly L. Shirk
258 Equity Street
Fairhope, Alabama 36532

14